# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ROSIE MATHES | CIVIL ACTION |
| VERSUS | NO. 17-392-SDD-EWD |
| PNK (BATON ROUGE) PARTNERSHIP, ET AL. | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 6, 2017.

*Erin Wilder-Doomes*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

| | |
|---|---|
| ROSIE MATHES | CIVIL ACTION |
| VERSUS | NO. 17-392-SDD-EWD |
| PNK (BATON ROUGE) PARTNERSHIP, ET AL. | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand and Motion for Sanctions (the "Motion to Remand"), filed by plaintiff Rosie Mathes.[1] The Motion to Remand is opposed.[2] For the following reasons, the undersigned recommends[3] that the Motion to Remand be **GRANTED in part** and that the matter be **REMANDED** to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, for lack of subject matter jurisdiction under 28 U.S.C. § 1332(a). To the extent Plaintiff requests an award of costs and attorney's fees under 28 U.S.C. § 1447(c), the undersigned recommends that such request be **DENIED.**

### Factual and Procedural Background

On or about March 13, 2017, Plaintiff filed a Petition for Damages in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana, against PNK (Baton Rouge) Partnership ("PNK"), Zurich American Insurance Company ("Zurich") and Cionne Stewart.[4]

---

[1] R. Doc. 3.
[2] R. Doc. 7.
[3] The Fifth Circuit has held that, "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to de novo review." *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016). As such, a report and recommendation, rather than a ruling, is being issued relative to the instant Motion to Remand.
[4] R. Doc. 1-2 at pp. 6-10. It appears that the Petition was filed by facsimile on March 13, 2017, and a copy of the Petition was received by the clerk of court on March 20, 2017, in accordance with La. R.S. 13:850. *See*, R. Doc. 1-2 at p. 6.

Plaintiff alleges that on March 16, 2016, Plaintiff "slipped and fell due to the unreasonably dangerous wet, soapy and/or slippery condition of the floor" in a bathroom of the L'Auberge Casino & Hotel Baton Rouge ("L'Auberge"), which is owned by PNK.[5] Plaintiff alleges that before she fell, she "observed a Lauberge employee in the vicinity of the stall she was entering."[6] Plaintiff asserts that Cionne Stewart and/or other employees, while in the course and scope of their employment with PNK doing business as L'Auberge, "caused, created and/or failed to timely address the unreasonably dangerous wet, soapy and/or slippery condition of the floor despite having actual or constructive notice thereof."[7]

The Petition further alleges that Plaintiff's fall and resulting injuries and damages were caused by the negligence and/or fault of PNK doing business as L'Auberge, as a result of its own negligent acts and omissions and/or through those of its employee, Cionne Stewart, and other employees, agents, representatives and/or sub-contractors.[8] Plaintiff seeks recovery for her "severe physical, mental and emotional disabling injuries," including, but not limited to, the following: (a) severe head and brain injuries; (b) severe lumbar, cervical, and thoracic ligament, muscle and spinal injuries; (c) severe facial and skull fractures; (d) severe and disabling headaches; (e) severe bruises, contusions and/or lacerations of the body; and (f) any and all additional injuries not yet diagnosed.[9] Plaintiff seeks damages for her physical and mental pain and discomfort, mental anguish, functional and anatomical disability, past and future lost wages, loss of earning capacity, loss of enjoyment of life, disfigurement and the inability to engage in and enjoy personal,

---

[5] R. Doc. 1-2 at p. 6.
[6] *Id.* at p. 7, ¶ 4.
[7] *Id.* at p. 7, ¶ 9.
[8] *Id.* at ¶ 10.
[9] *Id.* at p. 8, ¶ 12.

social and recreational activities.[10] The Petition includes a request to hold service on all defendants.[11]

On June 21, 2017, PNK removed the matter to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).[12] In the Notice of Removal, PNK alleges that there is complete diversity of citizenship because Plaintiff is a citizen of Louisiana, PNK is a citizen of Delaware or Nevada, and Zurich is a citizen of Illinois.[13] PNK asserts that although Cionne Stewart is a Louisiana citizen, her citizenship should be disregarded because she was improperly joined as a defendant to defeat diversity jurisdiction.[14] PNK asserts that Stewart had written procedures that she followed while cleaning the restroom where Plaintiff fell, which required Stewart to place a "wet floor" sign in the area where she was mopping and to use a microfiber cloth to minimize the water placed on the floor. Although Plaintiff claims there was no "wet floor" sign displayed at the time she fell, PNK asserts that it has a photograph, taken in the bathroom right after Plaintiff fell, that clearly depicts a "caution wet floor" sign in use. PNK argues the photograph constitutes "irrefutable evidence" that Plaintiff has no viable claim against Stewart because Louisiana courts have held that a merchant is free of liability under La. R.S. 9:2800.6

---

[10] *Id*. at pp. 8-9, ¶ 13.
[11] *Id*. at p. 10.
[12] R. Doc. 1 at ¶ 24. The Notice of Removal contains no allegations regarding the timeliness of removal. Although PNK alleges that it had not been served with a copy of the Petition as of the date of removal, no information is provided as to when PNK received a copy of the Petition "through service or otherwise," as provided in 28 U.S.C. § 1446(b)(1). *See*, R. Doc. 1 at ¶ 1. The Fifth Circuit has held, "Timeliness of removal is a procedural rather than a jurisdictional issue and, accordingly, may be waived by an untimely objection." *In re TXNB Internal Case*, 483 F.3d 292, 299 (5th Cir. 2007). Further, "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). In the instant case, over 30 days have passed since the filing of the Notice of Removal and Plaintiff has only filed a Motion to Remand on the grounds that subject matter jurisdiction is lacking. *See*, R. Doc. 3. Thus, to the extent that PNK's Notice of Removal was untimely filed under 28 U.S.C. § 1446(b)(1), Plaintiff has waived any objections regarding the timeliness of removal.
[13] R. Doc. 1 at ¶¶ 3-15. The allegations of citizenship in the Notice of Removal show that PNK is a citizen of Delaware *and* Nevada for purposes of diversity jurisdiction. *See*, R. Doc. 1 at ¶¶ 4-12. .
[14] R. Doc. 1 at ¶ 15.

when a "caution wet floor" sign is placed in the area being mopped.[15] PNK further asserts that Plaintiff's Petition "indicates an amount in controversy that exceeds the federal jurisdictional amount, exclusive of interest and costs."[16]

On July 21, 2017, Plaintiff filed the instant Motion to Remand, asserting that Stewart was properly named as a defendant in this matter and that there are genuine issues of material fact that preclude a finding of improper joinder.[17] Plaintiff asserts that recovery against Stewart is governed by Louisiana Civil Code article 2315.6, rather than La. R.S. 9:2800.6 because Stewart is not a merchant. Plaintiff notes that in an affidavit submitted with the Notice of Removal, Stewart stated that she was working as a custodian at L'Auberge and was mopping the restroom where Plaintiff fell at the time of the incident.[18] According to the affidavit, Stewart saw Plaintiff enter the restroom, walk towards the area that Stewart had recently been mopping, and fall where Stewart had been mopping.[19] Plaintiff argues that Stewart's affidavit "establishes the 'possibility' that Cionne Stewart created a condition that caused an unreasonable risk of harm, that said risk of harm was foreseeable, that the condition caused Mrs. Mathes to fall, and that Cionne Stewart failed to

---

[15] R. Doc. 1 at ¶¶ 19 and 21-23 (citing *Melancon v. Popeye's Famous Fried Chicken*, 2010-1109 (La. App. 3 Cir. 3/16/11), 59 So.3d 513; *Lee v. Ryan's Family Steak Houses, Inc*., 2006-1400 (La. App. 1 Cir. 5/4/07), 960 So.2d 1042; *Rowell v. Hollywood Casino Shreveport*, 43,306 (La. App. 2 Cir. 9/24/08), 996 So.2d 476).
[16] R. Doc. 1 at ¶ 24. On October 13, 2017, the undersigned issued a Notice and Order *sua sponte*, requiring the parties to file memoranda and supporting evidence concerning subject matter jurisdiction under 28 U.S.C. § 1332(a), specifically whether the amount in controversy exceeds $75,000 in this case. R. Doc. 8. PNK filed its supplemental memorandum on October 24, 2017, one day after the deadline imposed by the Court, asserting that the amount in controversy is met based upon Plaintiff's medical records, which show a diagnosis of mild traumatic brain injury with lasting effects, and the typical damages awarded by Louisiana courts for similar injuries. R. Doc. 10. On November 2, 2017, Plaintiff filed a Memorandum Regarding 28 U.S.C. § 1332(a) Jurisdiction, as ordered by the Court, challenging PNK's assertion that the amount in controversy exceeds $75,000 in this case. R. Doc. 12. Plaintiff asserts that based upon her injuries, damages and medical treatment to date, she does not believe the amount in controversy exceeds $75,000. *Id*. at pp. 1, 3 and 4. Because the Motion to Remand only asserts that subject matter jurisdiction is lacking based on the citizenship of the parties and Defendants have not met their heavy burden of proving that Cionne Stewart, a non-diverse party, was improperly joined as a defendant in this matter, the Court does not reach the issue of whether the amount in controversy is met in this case.
[17] R. Doc. 3 at ¶¶ 2 and 3.
[18] R. Doc. 3-1 at p. 4 (*citing* R. Doc. 1-4).
[19] R. Doc. 1-4 at lines 7-9.

exercise reasonable care given the facts at issue in this case."[20] Plaintiff points out that Stewart's claim that there was a "wet floor" sign near the area where Plaintiff fell is refuted by the affidavits of Plaintiff and her friend, Brenda Blanks.[21] Thus, contrary to PNK's assertion, Plaintiff claims the presence of a "wet floor" sign is disputed. However, Plaintiff asserts that even if a "wet floor" sign was present, a jury must determine whether the presence of a "wet floor" sign is sufficient to absolve Stewart of liability. Plaintiff asserts that because there was no objectively reasonable basis for removal, Plaintiff should be awarded costs, expenses and attorney's fees incurred in filing the Motion to Remand.[22]

In response, PNK, Cionne Stewart, and Zurich (collectively, "Defendants") maintain that Stewart was improperly joined because there is both fraud in the pleadings and Plaintiff has no possibility of recovery against Stewart. Defendants first allege that there is actual fraud in the pleadings based upon Plaintiff's assertion that Stewart did not deploy a "wet floor" sign and, therefore, failed to warn Plaintiff of the hazardous condition. Defendants contend that these allegations are fraudulent because it is undisputed, based upon Defendants' photographic evidence and the affidavits of Stewart and another casino employee,[23] that a "wet floor" sign was displayed and visible at the time Plaintiff slipped and fell. Defendants further assert that under *Canter v. Koehring Co.*, 283 So.2d 716 (La. 1973), Plaintiff has no possibility of recovery against Stewart because Stewart deployed the "wet floor" sign as instructed by her employer. Defendants assert that because Stewart deployed the sign as instructed, she did not breach any duty owed to Plaintiff. Defendants also claim that Plaintiff has failed to show that Stewart owed a duty to verbally warn

---

[20] R. Doc. 3-1 at p. 5.
[21] *See*, R. Docs. 3-3 and 3-4.
[22] R. Doc. 3 at ¶¶ 4 and 5.
[23] *See*, R. Docs. 7-1, 7-2 and 7-5.

6

Plaintiff of the slippery floor. As such, Defendants assert removal was proper and Plaintiff's request for costs and attorney's fees should be denied.[24]

**Applicable Law and Analysis**

**A.      Improper Joinder**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co*., 491 F.3d 278, 281-82 (5th Cir. 2007). The removing party has the burden of proving federal diversity jurisdiction. *Garcia v. Koch Oil Co. of Tex. Inc*., 351 F.3d 636, 638 (5th Cir. 2003). Remand is proper if at any time the court lacks subject matter jurisdiction. See, 28 U.S.C. § 1447(c).

The party seeking removal based on improper joinder of a non-diverse defendant bears a "heavy" burden of proving that the joinder was improper. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). To meet its burden, the removing party must show (1) an actual fraud in the pleading

---

[24] Defendants also assert that this is the second lawsuit regarding Ms. Mathes' slip and fall and that in the other suit there is a Motion for Summary Judgment pending which "will resolve all issues." R. Doc. 7, p. 1, referencing *Mathes v. Pinnacle Entertainment, Inc.*, Civil Action No. 16-cv-538-BAJ-EWD. The undersigned notes that the referenced Motion for Summary Judgment was denied as moot by Chief Judge Brian A. Jackson on August 25, 2017 (R. Doc. 40 in Civil Action No. 16-cv-538-BAJ-EWD) and that case has been closed. The Motion to Consolidate filed in this case was denied as moot by Judge Shelly D. Dick on October 25, 2017. *See,* R. Docs. 2 and 11.

of jurisdictional facts, or (2) an inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Id*. at 646-47. Although Defendants have alleged actual fraud in the Petition based upon the presence of a "wet floor" sign at the time of Plaintiff's fall, there is no actual fraud in the pleading of jurisdictional facts because Defendants concede that Cionne Stewart is a citizen of Louisiana.[25] *See*, *Wade v. Crislip*, Civ. A. No. 3:15-CV-477-CWR-FKB, 2016 WL 1048061, at *2 (S.D. Miss. Mar. 11, 2016) ("There is no actual fraud in the pleadings of jurisdictional facts because the defendants concede that Wright is a Mississippi resident."). However, Defendants also argue that Plaintiff will be unable to establish a cause of action against Stewart for negligence under *Canter v. Koehring Co*., 283 So.3d 716 (La. 1973). As such, "the test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R. Co*., 385 F.3d 568, 573-74 (5th Cir. 2004).

The Fifth Circuit has explained that to determine whether a plaintiff has a reasonable basis of recovery under state law, a court can resolve the issue in one of two ways. *Smallwood*, 385 F.3d at 573. "The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id*. (citations omitted). However, where a plaintiff has omitted or misstated "discrete facts that would determine the propriety of joinder," the district court may "pierce the pleadings and conduct a summary inquiry" to determine whether a non-diverse

---

[25] *See*, R. Doc. 1 at ¶ 15.

defendant has been improperly joined. *Id*. (citation omitted). Although the decision regarding the procedure necessary in a given case lies within the discretion of the district court, the Fifth Circuit has cautioned that, "[A] summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id*. at 573-74. The Fifth Circuit further advised that, "[T]he inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Id*. at 574.

**B. Defendants Have Not Met Their Heavy Burden of Proving Cionne Stewart Was Improperly Joined**

This Court has previously explained that in the employee-defendant context, improper joinder is typically found when a plaintiff seeks to impose liability on a non-diverse employee for breaches of his or her general administrative duties. *Haynes v. Healthcare Services Group, Inc*., Civ. A. No. 13-649-JJB-RLB, 2014 WL 2769080, at *3 (M.D. La. May 30, 2014), *report and recommendation adopted*, 2014 WL 2768814 (M.D. La. June 18, 2014) (citing authority). However, unlike the typical case involving alleged improper joinder of a store manager, Plaintiff alleges that Cionne Stewart had a direct role in the underlying accident. *See, Randolph v. Wyatt*, Civ. A. No. 09-2020, 2010 WL 569753, at *5 (W.D. La. Feb. 11, 2010). In the original Petition for Damages, Plaintiff alleges that she "slipped and fell due to the unreasonably dangerous wet, soapy and/or slippery condition of the floor" and that, "Cionne Stewart and/or other employees, while in the course and scope of their employment with PNK (Baton Rouge) Partnership, doing business as L'Auberge Casino & Hotel Baton Rouge, caused, created and/or failed to address timely the unreasonably dangerous wet, soapy and/or slippery condition of the floor despite having

notice (constructive or actual)."[26] The parties agree that Cionne Stewart is the casino employee who mopped the bathroom floor prior to Plaintiff's fall.[27]

This Court has previously held that, "Under Louisiana law, an employee's personal involvement in causing the alleged injury or the employee's knowledge of the dangers present could give rise to the personal duty contemplated by *Canter*." *Haynes v. Healthcare Services Group, Inc.*, Civ. A. No. 13-649-JJB-RLB, 2014 WL 2769080, at *3 (M.D. La. May 30, 2014) (citing *Canter v. Koehring Co.*, 283 So.2d 716, 721 (La. 1973)) (quotation omitted); *see also, Randolph v. Wyatt*, Civ. A. No. 09-2020, 2010 WL 569753, at *5 (W.D. La. Feb. 11, 2010) (plaintiff stated a claim against store manager by alleging manager was personally involved in injury and had personal knowledge of the unsafe condition of the floor). Thus, even if Cionne Stewart had only general administrative duties, she could still be liable for Plaintiff's injuries if she created or had personal knowledge of the danger and failed to cure the risk of harm. *Haynes*, 2014 WL 2769080, at *3 (finding plaintiff stated a cause of action against non-diverse employee where plaintiff alleged that the employee created the dangerous situation, had personal knowledge of it, but failed to remedy it); *See*, *Ford*, 32 F.3d at 936 (noting that an employee's knowledge of a risk of harm and failure to respond to the risk could create personal liability under *Canter*); *Hayden v. Phillips Petroleum Co.*, 788 F. Supp. 285, 287 (E.D. La. 1992) (finding an employee's alleged personal knowledge of a dangerous pipeline could give rise to personal duty under *Canter*); *Creppel v. Apache Corp.*, Civ. A. No. 04-865, 2004 WL 1920932, at *4 (E.D. La. Aug. 25, 2004) (plaintiffs stated a cause of action against non-diverse employee where plaintiffs alleged that the employee had personal knowledge of a dangerous well and failed to remedy the danger); *George-McGee v. Wal-Mart Stores, Inc.*, Civ. A. No. 90-2788, 1991 WL 2701, at *2 (E.D. La. Jan. 9,

---

[26] R. Doc. 1-2 at p. 7, ¶¶ 5 and 9.
[27] *See*, R. Doc. 1 at ¶ 18; R. Doc. 3-1 at p. 1.

1991) (allegation that employee was "operating the steel dolly which allegedly struck the plaintiff from behind" was sufficient to state a claim under *Canter*).

Because Plaintiff alleges that Stewart caused the hazardous condition and had personal knowledge of it, but failed to remove the hazard, Plaintiff's allegations satisfy the *Canter* criteria. *See, Randolph*, 2010 WL 569753, at *5; *See also, Haynes*, 2014 WL 2769080, at *4 ("Because Plaintiffs allege that Mr. Cross was personally at fault, the Court finds that they have stated a 'reasonably arguable' claim against Mr. Cross."). Once Plaintiff has stated a claim against the non-diverse defendant, the Defendants "must come forward with evidence to negate a possibility of liability against the non-diverse defendant." *Randolph*, 2010 WL 569753, at *5 (citing *Travis v. Irby*, 326 F.3d 644, 650-51 (5th Cir. 2003)); *See, Haynes*, 2014 WL 2769080, at *4 (quoting *Randolph*, *supra*). Defendants have not done so. Instead, Defendants argue that a photograph and two affidavits show that it is undisputed that a "wet floor" sign was displayed and visible at the time of Plaintiff's fall and, therefore, Stewart has not breached any duty allegedly owed to Plaintiff.

The Defendants' evidence, however, does not negate the possibility of liability against Stewart. As an initial matter, although Defendants are convinced otherwise, it is clear that the question of whether a "wet floor" sign was displayed and visible at the time of Plaintiff's fall is hotly contested. Plaintiff submitted two affidavits, her own and that of her friend Brenda Blanks, stating that there was no "wet floor" sign displayed in the bathroom near where Plaintiff fell.[28] In contrast, Defendants have submitted two photographs depicting a "wet floor" sign displayed in the bathroom after Plaintiff fell and two affidavits, from Stewart and John Edmondson, the member of the casino's security and risk management team who was called after the fall, stating that a "wet floor" sign was on display in the bathroom where the fall occurred.[29] Thus, there is clearly a

---

[28] *See*, R. Docs. 3-3 and 3-4.
[29] *See*, R. Docs. 7-1, 7-2 and 7-5.

11

dispute regarding whether a "wet floor" sign was on display and visible at the time of Plaintiff's fall.

To the extent Defendants assert that the photographic evidence and the affidavits show that Stewart did not breach any duty owed to Plaintiff,[30] the Fifth Circuit has explained that, "Although a court may pierce the pleadings and consider summary-judgment type evidence, the standard for finding improper joinder is not the summary judgment standard in which an absence in the plaintiff's proof alone can be fatal." *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 766 (5th Cir. 2016) (citing *Travis v. Irby*, 326 F.3d 644, 650 n. 3 (5th Cir. 2003)). The Fifth Circuit in Davidson further explained that:

> The examples of improper joinder based on "discrete and undisputed facts" outside the pleadings that *Smallwood* provides are consistent with this language requiring a defendant to "preclude" the possibility of recovery: evidence showing that "the in-state doctor defendant did not treat the plaintiff," that "the in-state pharmacist defendant did not fill a prescription for the plaintiff patient," that "a party's residence was not as alleged, or any other fact that easily can be *disproved* if not true."

819 F.3d at 766-67 (citing *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573-74 & n. 12 (5th Cir. 2004)) (emphasis added in *Davidson*).

Defendants assert that Stewart did not breach any duty owed to Plaintiff because Louisiana courts have held that the presence of a "wet floor" sign constitutes a proper exercise of reasonable care. *See*, *Melancon v. Popeye's Famous Fried Chicken*, 2010-1109 (La. App. 3 Cir. 3/16/11), 59 So.3d 513; *Lee v. Ryan's Family Steak Houses, Inc.*, 2006-1400 (La. App. 1 Cir. 5/4/07), 960 So.2d 1042; *Rowell v. Hollywood Casino Shreveport*, 43,306 (La. App. 2 Cir. 9/24/08), 996 So.2d 476. Those cases are distinguishable, however, because each case addressed the merchant liability statute, La. R.S. 9:2800.6, and whether the plaintiff had met his burden of proving that the

---

[30] R. Doc. 7 at pp. 2-3.

merchant failed to exercise reasonable care despite the display of a "wet floor" sign. Indeed, PNK concedes this point in the Notice of Removal, asserting the following:

> Louisiana jurisprudence *interpreting LSA-R.S. 9:2800.6* has specifically held that a merchant is free of liability under LSA-R.S. 9:2800.6 when a "caution wet floor" sign is placed in the area being mopped. *Melancon v. Popeye's Famous Fried Chicken*, 59 So.3d 513 (La. App. 3rd Cir. 2011), *Lee v. Ryan's Family Steak Houses, Inc.*, 960 So.2d 1042 (La. App. 1st Cir. 2007), *Rowell v. Hollywood Casino Shreveport*, 996 So.2d 476 (La. App. 2nd Cir. 2008).[31]

PNK further asserts in the Notice of Removal that Plaintiff has no viable claim against Stewart under La. R.S. 9:2800.6 because Stewart deployed a "wet floor" sign.[32] However, PNK has failed to show, much less allege, that Stewart is a "merchant," as that term is defined in La. R.S. 9:2800.6(C)(2), such that the merchant liability statute applies to Plaintiff's claims. Further, "In Louisiana, courts hold an individual employee liable to a third party when: (1) the employer owes duty of care to the plaintiff; (2) the employer delegates the duty to the employee; (3) the employee breaches the duty of care through personal fault; and (4) the employee has a personal duty towards the plaintiff, and the breach of that duty caused the plaintiff's damages." *Haynes v. Healthcare Services Group, Inc.*, Civ. A. No. 13-649-JJB, 2014 WL 2769080, at *2 (M.D. La. May 30, 2014), *report and recommendation adopted*, 2014 WL 2768814 (M.D. La. June 18, 2014) (citing *Canter v. Koehring Co.*, 283 So.2d 716, 721 (La. 1973); *Ford v. Elsbury*, 32 F.3d 931, 935-36 (5th Cir. 1994)). Thus, Louisiana's merchant liability statute does not apply in this case.

The decisions in *Melancon*, *Lee* and *Rowell* are also distinguishable from the facts of this case because *Melancon* and *Rowell* were decided on motions for summary judgment and *Lee* was decided on appeal after trial. As previously discussed, "the standard for finding improper joinder is not the summary judgment standard in which an absence in the plaintiff's proof alone can be

---

[31] R. Doc. 1 at ¶ 22 (emphasis added).
[32] *See*, R. Doc. 1 at ¶¶ 21-23.

13

fatal." *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 766 (5th Cir. 2016) (citing *Travis v. Irby,* 326 F.3d 644, 650 n. 3 (5th Cir. 2003)). Further, the court in *Lee* held that the trial judge's finding that the merchant failed to exercise reasonable care based upon the design and location of the "wet floor" sign "is a factual finding subject to the manifest error/clearly wrong standard of review." *Lee*, 2006-1400 at p. 8, 960 So.2d at 1047. Thus, *Lee* reinforces that it is not proper at this stage of the litigation to determine whether Stewart's display of a "wet floor" sign is sufficient to show that she did not breach any duty owed to Plaintiff.

Moreover, the presence or absence of a "wet floor" sign in the bathroom at the time of Plaintiff's fall is not determinative of whether Plaintiff has a viable negligence claim against Cionne Stewart. Instead, it is a factor to be considered in determining whether Stewart breached any duty allegedly owed to Plaintiff. The Fifth Circuit has held that, "'Whether a defendant has *breached* a duty is a question of fact.'" *Bursztajn v. United States*, 367 F.3d 485, 489 (5th Cir. 2004) (quoting *Pinsonneault v. Merchants & Farmers Bank & Trust Co*., 2001-2217, p. 11 (La. 4/3/02), 816 So.2d 270, 278) (emphasis added in *Bursztajn*). Because the parties dispute whether Stewart breached a duty allegedly owed to the Plaintiff, factual issues remain regarding whether Stewart's actions, including whether she displayed a "wet floor" sign, were a substantial factor in Plaintiff's fall and, if so, whether and to what extent Stewart should be held at fault for the accident. The Fifth Circuit has made clear that, "'any contested issues of facts and any ambiguities of state law must be resolved' in favor of remand." *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014) (quoting *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)). In addition, the Fifth Circuit has "frequently cautioned the district courts against pretrying a case to determine removal jurisdiction . . . ." *Carriere v. Sears, Roebuck & Co*., 893 F.2d 98, 100 (5th Cir. 1990). Resolution of the factual issues regarding whether Cionne

14

Stewart breached a duty allegedly owed to the Plaintiff for the purpose of determining jurisdiction would entail the detailed inquiry cautioned against by the Fifth Circuit. *See, Higginbotham v. Donald*, Civ. A. No. 13-646-SDD-RLB, 2014 WL 1922773, at *4 (M.D. La. May 14, 2014) (footnote omitted).

Because Plaintiff has stated a negligence claim against Cionne Stewart and Defendant have not come forward with evidence to negate the possibility of liability against Stewart, Defendants have not met their heavy burden of proving that Stewart was improperly joined as a defendant. *See, Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Further, the Fifth Circuit has held that the removal statute, 28 U.S.C. § 1441, must be strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). As there is no dispute that Plaintiff and Cionne Stewart are both Louisiana citizens for purposes of diversity jurisdiction and Defendants have not shown that Stewart was improperly joined as a defendant such that Stewart's citizenship should be disregarded, Defendants have failed to show that this Court has subject matter jurisdiction over this case based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).[33]

In the Motion to Remand, Plaintiff also seeks attorney's fees and costs pursuant to 28 U.S.C. § 1447(c).[34] Section 1447(c) provides, in pertinent part, "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). However, there is no automatic entitlement to an award of attorney fees under § 1447(c), as the clear language of the statute makes such an award discretionary. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 291 (5th Cir. 2000). In applying §

---

[33] Because the Motion to Remand only asserts that subject matter jurisdiction is lacking based upon the citizenship of the parties, the Court does not reach the issue of whether the amount in controversy is met.
[34] R. Doc. 3-1 at p. 6.

1447(c), courts consider "the propriety of the removing party's actions based on an objective view of the legal and factual elements in each particular case. . . . In other words, the question we consider in applying § 1447(c) is whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Id*. at 293. Review of the record shows that an award of costs and attorney's fees is not warranted in this case. As such, Plaintiff's request for the costs and attorney's fees incurred in filing the Motion to Remand should be denied.

## Conclusion

Based on the foregoing, Defendants have not met their heavy burden of proving that Cionne Stewart was improperly joined as a defendant in this matter to divest this Court of diversity jurisdiction under 28 U.S.C. § 1332. It is undisputed that Plaintiff and Cionne Stewart are both Louisiana citizens for purposes of diversity. Thus, Defendants have not shown that the Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332(a) and Defendants have not alleged that this Court has subject matter jurisdiction based upon federal question under 28 U.S.C. § 1331.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that Plaintiff's Motion to Remand and Motion for Sanctions[35] should be **GRANTED in part** and that this matter should be **REMANDED** to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, for lack of subject matter jurisdiction under 28 U.S.C. § 1332(a). To the extent Plaintiff seeks an award of the costs and attorney's fees under 28 U.S.C. § 1447(c), the undersigned

---

[35] R. Doc. 3.

further recommends that such request be **DENIED**.

Signed in Baton Rouge, Louisiana, on November 6, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**